**EXHIBIT A**



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Diana Rosado<br>OPKO, Inc.<br>4400 Biscayne Blvd<br>Miami, FL 33137-3212 |
| **Electronic copy provided to:** | Janie Lomas |

| | |
|---|---|
| **Entity:** | Bio-Reference Laboratories, Inc.<br>Entity ID Number  3579559 |
| **Entity Served:** | Bio-Reference Laboratories, Inc. |
| **Title of Action:** | Denise Lopez vs. Bio-Reference Laboratories, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Amador County Superior Court, CA |
| **Case/Reference No:** | 21-CV-12353 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/08/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Amir Nayebdadash<br>424-290-3095 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BIO-REFERENCE LABORATORIES, INC., a New Jersey corporation; OPKO HEALTH, INC., a Delaware corporation; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DENISE LÓPEZ, individually and on behalf of others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
AMADOR SUPERIOR COURT
OCT - 5 2021
Clerk of the Superior Court
By: K. WRIGHT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Amador Superior Court <br><br> 500 Argonaut Lane <br> Jackson, California 95642 | **CASE NUMBER:** *(Número del Caso):* <br> 21-CV- 12353 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Amir Nayebdadash, Protection Law Group LLP., 237 California St., El Segundo, CA 90245; (424) 290-3095

| | | | |
|---|---|---|---|
| DATE: OCT - 5 2021 <br> *(Fecha)* | Clerk, by D. HARMON <br> *(Secretario)* | K. WRIGHT <br> | Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BIO-REFERENCE LABORATORIES, INC., a New Jersey corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

1    HEATHER DAVIS, SBN 239372
    heather@protectionlawgroup.com
2    AMIR NAYEBDADASH, SBN 232204
    amir@protectionlawgroup.com
3    PRISCILLA GAMINO, SBN 315404
    priscilla@protectionlawgroup.com
4    **PROTECTION LAW GROUP, LLP**
    237 California Street
5    El Segundo, California 90245
    Telephone: (424) 290-3095
6    Facsimile: (866) 264-7880

7    *Attorneys for* Plaintiff
    DENISE LOPEZ

**F I L E D**
AMADOR SUPERIOR COURT

OCT – 5 2021

Clerk of the Superior Court

By:   **K. WRIGHT**

CASE ASSIGNED FOR ALL PURPOSES TO
HON. _____
CCP 170.6   **J.S. HERMANSON**

**BY FAX**

8

9       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10            **COUNTY OF AMADOR**

11   DENISE LOPEZ, individually and on behalf
    of others similarly situated,

    Case No.: **21-CV- 12353**

12         Plaintiff,

    **CLASS ACTION COMPLAINT**

13     vs.

    **DEMAND FOR TRIAL BY JURY**

14

15   BIO-REFERENCE LABORATORIES,
    INC., a New Jersey corporation; OPKO
    HEALTH, INC., a Delaware corporation;
16   and Does 1 through 50, inclusive,

17       Defendants.

    (1) **Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**
    (2) **Violation of Cal. Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)**
    (3) **Violation of Cal. Labor Code § 226.7 (Unpaid Rest Period Premiums)**
    (4) **Violation of Cal. Labor Code §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages)**
    (5) **Violation of Cal. Labor Code §§ 201, 202 and 203 (Final Wages Not Timely Paid)**
    (6) **Violation of Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**
    (7) **Violation of Cal. Labor Code § 226(a) (Failure to Provide Accurate Wage Statements)**
    (8) **Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**
    (9) **Violation of Cal. Business & Professions Code § 17200, et seq.**

18

19

20

21

22

23

24

25

26

27

28

Plaintiff DENISE LOPEZ ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff brings this action against Defendants BIO-REFERENCE LABORATORIES, INC., OPKO HEALTH, INC., and DOES 1 THROUGH 50 (hereinafter also collectively referred to as "Defendants") for California Labor Code violations, unfair business practices, and civil penalties stemming from Defendants' failure to pay overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, failure to pay minimum wage, failure to timely pay wages, failure to provide accurate wage statements, failure to maintain accurate time and payroll records, failure to reimburse necessary business-related expenses, failure to provide suitable seating, and failure to pay reporting time wages.

2.    Plaintiff's First through Ninth Causes of Action are brought as a class action on behalf of herself and similarly situated current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," as defined more fully in paragraph 13, below) pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

3.    The Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

4.    This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and

1    substantial justice.

2       5.       Venue is proper in this Court because, upon information and belief, Defendants

3    maintain offices, have agents, and/or transact business in the State of California, County of

4    Amador.

5                                              **PARTIES**

6       6.       Plaintiff DENISE LOPEZ is an individual residing in the County of Amador, State

7    of California.

8       7.       Defendant BIO-REFERENCE LABORATORIES, INC. is, and at all times herein

9    mentioned was, a corporation organized and existing under the laws of the State of New Jersey

10   and registered to do business in the state of California.

11      8.       Defendant OPKO HEALTH, INC. is, and at all times herein mentioned was, a

12   corporation organized and existing under the laws of the State of Delaware and doing business in

13   the state of California.

14      9.       Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive,

15   and therefore sues these defendants by such fictitious names. The Doe defendants may be

16   individuals, partnerships, or corporations. Plaintiff is informed and believes, and thereon alleges,

17   that, at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent,

18   servant, employee, co-venturer, and/or co-conspirator of each of the other defendants, and was at

19   all times mentioned acting within the scope, purpose, consent, knowledge, ratification and

20   authorization of such agency, employment, joint venture and conspiracy. Plaintiff will amend this

21   Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and

22   believes and thereon alleges that each of the fictitiously named Doe defendants is responsible in

23   some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged

24   were proximately caused by its conduct. BIO-REFERENCE LABORATORIES, INC., OPKO

25   HEALTH, INC., and Doe Defendants 1 through 50 are collectively referred to herein as

26   "Defendants."

27      10.      Defendants are and at all times herein mentioned were, (a) conducting business in

28

1    the County of Amador, State of California, and (b) the employer of Plaintiff consistent with the

2    California Labor Code and Industrial Welfare Commission Wage Orders ("Wage Orders").

3        11.      Plaintiff further alleges that Defendants, directly or indirectly controlled or

4    affected the working conditions, wages, working hours, and conditions of employment of

5    Plaintiff, and the Class so as to make each of said Defendants employers and employers jointly

6    liable under the statutory provisions set forth herein.

7                   **CLASS ACTION ALLEGATIONS**

8        12.      Plaintiff brings the First through Ninth Causes of Action as a class action on her

9    own behalf and on behalf of all other members of the general public similarly situated, and, thus,

10    seeks class certification under Code of Civil Procedure section 382.

11        13.      The proposed class is defined as follows: All current and former non-exempt

12    employees of any of the Defendants within the State of California at any time commencing four

13    (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the certified

14    class action is provided to the class (hereinafter referred to as the "Class" or "Class Members.").

15        14.      Plaintiff reserves the right to establish other subclasses as appropriate.

16        15.      The Class is ascertainable and there is a well-defined community of interest in the

17    litigation:

18            a.    <u>Numerosity</u>: The Class Members are so numerous that joinder of all Class

19               Members is impracticable. The membership of the entire Class is unknown to

20               Plaintiff at this time; however, the Class is estimated to be over fifty (50)

21               individuals and the identity of such membership is readily ascertainable by

22               inspection of Defendants' employment records.

23           b.    <u>Typicality</u>: Plaintiff's claims are typical of all other Class Members demonstrated

24               herein. Plaintiff will fairly and adequately protect the interests of the other Class

25               Members with whom she has a well-defined community of interest.

26           c.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each Class

27               Member, with whom she has a well-defined community of interest and typicality

28

of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other Class Members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class Members is impractical.

    e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.    There are common questions of law and fact as to the Class that <u>predominate</u> over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the Class:

    a.   Whether Defendants' failure to pay wages, without abatement, or reduction, in accordance with the California Labor Code was willful;

    b.   Whether Defendants had a corporate policy and practice of failing to pay Plaintiff and the other Class Members for all hours worked, and missed, short, late or interrupted meal periods and rest breaks in violation of California law;

    c.   Whether Defendants required Plaintiff and the other Class Members to work more than eight (8) hours per day and/or more than forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other Class

Members;

d. Whether Defendants deprived Plaintiff and the other Class Members of meal and/or rest periods or required Plaintiff and the other Class Members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay meal period premium wages to Class Members when they were not provided with a legally compliant meal period;

f. Whether Defendants failed to pay rest period premium wages to Class Members when they were not authorized and permitted to take legally compliant rest periods;

g. Whether Defendants failed to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

h. Whether Defendants failed to pay Plaintiff and the other Class Members the required minimum wage pursuant to California law;

i. Whether Defendants failed to pay Plaintiff and the other Class Members proper overtime compensation pursuant to California law;

j. Whether Defendants failed to pay all wages due to Plaintiff and the other Class Members within the time required upon their discharge or resignation from employment;

k. Whether Defendants failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs in violation of California Labor Code section 2802;

l. Whether Defendants failed to pay reporting time wages in violation of the applicable IWC Wage Order;

m. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

n. Whether Defendants complied with wage reporting as required by the California Labor Code, including section 226;

o.   Whether Defendants' conduct was with malice, fraud or oppression;

p.   Whether Defendants' conduct was willful or reckless;

q.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.* based on their improper withholding of compensation and deduction of wages;

r.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

s.   Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.     Defendant BIO-REFERENCE LABORATORIES, INC. is a full service specialty laboratory with a focus on genetics, oncology, urology, and women's health.

18.     Defendant OPKO HEALTH, INC., is a diversified biotechnology company that operates pharmaceutical and diagnostic development programs.

19.     Defendants employed Plaintiff to work as a phlebotomist since approximately 2016.

20.     At all relevant times set forth herein, Defendants employed Plaintiff, and the Class as hourly-paid or non-exempt employees.

21.     Throughout the time period involved in this case, Defendants had the authority to hire and terminate Plaintiff and the Class; to directly or indirectly control work rules, working conditions, wages, working hours, and conditions of employment of Plaintiff, and the Class; and to hire and terminate the employment of Plaintiff and the Class.

22.     Plaintiff is informed and believes, and thereon alleges that Defendants acted in a manner that would allow for wage abuse against their hourly-paid or non-exempt employees. As set forth in more detail below, this class wide treatment involved, *inter alia*, requiring Plaintiff and the Class to work off the clock without compensation, thereby failing to pay them for all hours worked, including minimum and overtime wages. In addition, Defendants acted in a manner

1   that would fail to permit Plaintiff and the Class to take timely and duty-free meal periods and rest

2   periods in violation of California law. Defendants also failed to reimburse Plaintiff and the Class

3   for all necessary business-related expenses including, but not limited to work scrubs, non-slip

4   shoes, stop-watches/timers to monitor and complete work, and other tools for the performance of

5   the job.

6        23.     Throughout the time period involved in this case, Defendants have implemented

7   policies and practices which failed to provide Plaintiff and the Class with timely and duty-free

8   meal periods. Defendants acted in a manner that would fail to relieve Plaintiff and the Class of all

9   duties during their meal periods, failed to relinquish control over Plaintiff and the Class during

10  their meal periods, failed to permit Plaintiff and the Class a reasonable opportunity to take their

11  meal periods, and impeded or discouraged Plaintiff and the Class from taking thirty (30) minute

12  uninterrupted meal breaks no later than the end of their fifth hour of work and/or from taking a

13  second thirty (30) minute uninterrupted meal break no later than their tenth hour of work for shifts

14  lasting more than ten (10) hours. Defendants also failed to maintain accurate records of meal

15  periods taken by Plaintiff and the Class.

16       24.     Throughout the time period involved in this case, Defendants did not adequately

17  inform Plaintiff and the Class of their right to take meal periods under California law. Moreover,

18  Defendants often disregarded their own written policies regarding the provision and timing of

19  meal periods for Plaintiff and the Class. Instead, Defendants' practice would allow Defendants to

20  schedule Plaintiff and the Class in a way the prohibited them from taking timely and duty-free

21  meal periods, and to require Plaintiff and the Class to work through their meal periods, for which

22  they were not compensated.

23       25.     Throughout the time period involved in this case, Defendants failed to pay Plaintiff

24  and the Class premium wages for meal periods that were missed, late, interrupted, or shortened

25  in violation of California law. Defendants knew or should have known that Plaintiff and the Class

26  were entitled to receive all meal periods or payment of one additional hour of pay at their regular

27  rate of pay when a meal period was missed, short, late, and/or interrupted. Notwithstanding this

28

knowledge, Defendants acted in manner that would allow Defendants to refuse to provide legally compliant meal periods to Plaintiff and the Class, and routinely failed pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a meal period was missed, short, late, and/or interrupted.

26.    Throughout the time period involved in this case, Defendants have implemented policies and practices which prohibited Plaintiff and the Class from taking timely and duty-free rest periods. Defendants acted in manner that would allow Defendants to refuse to provide, authorize, and permit Plaintiff and the Class to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

27.    Throughout the time period involved in this case, Defendants did not adequately inform Plaintiff and the Class of their right to take rest periods under California law. Moreover, Defendants often disregarded their own written policies regarding the provision and timing of rest periods for Plaintiff and the Class. Instead, Defendants' practice would allow Defendants to schedule Plaintiff and the Class in a way that prohibited them from taking timely and duty free rest periods, and to require Plaintiff and the Class to work through their rest periods.

28.    Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class premium wages for rest periods that were missed, late, interrupted, or shortened in violation of California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed, short, late, and/or interrupted. Notwithstanding this knowledge, Defendants acted in manner that would allow Defendants to refuse to authorize and permit Plaintiff and the Class to take duty-free rest periods, and failed to pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a rest period was missed, short, late and/or interrupted.

29.    Throughout the time period involved in this case, Defendants acted in manner that

would allow Defendants to require Plaintiff and the Class to perform work off the clock. Although Defendants prohibited overtime, Defendants' practice was to require that Plaintiff and the Class complete all of their assigned duties. To do so, Plaintiff and other Class Members were required to perform work off the clock for which they were not compensated.

30.     Throughout the time period involved in this case, Plaintiff and the Class worked more than eight (8) hours in a day, and/or forty (40) hours in a week.

31.     Throughout the time period involved in this case, Defendants acted in manner that would allow Defendants to refuse to pay all overtime compensation owed to Plaintiff and the Class when they worked in excess of eight (8) hours in a single work day and/or forty (40) hours in a single work week, or in excess of twelve (12) hours in a single work day and/or eighty (80) hours in a single work week. Defendants knew or should have known that Plaintiff and the Class were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

32.     Throughout the time period involved in this case, Defendants failed to pay overtime to Plaintiff and other Class Members for all overtime hours worked based on regular rates of pay correctly calculated to include all applicable remuneration.

33.     Throughout the time period involved in this case, Defendants acted in manner that would allow Defendants to refuse to pay Plaintiff and the Class at least minimum wages for all hours worked. Defendants knew or should have known that Plaintiff and the Class were entitled to receive at least minimum wages for all hours worked and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, inter alia, failing to pay Plaintiff and other Class Members at the required minimum wage pursuant to California law, and requiring Plaintiff and other Class Members to perform work off the clock.

34.     Throughout the time period involved in this case, Defendants acted in manner that would allow Defendants to refuse to pay Plaintiff and the Class all wages owed to them upon discharge or resignation. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them upon termination within the time permissible under

California Labor Code section 202. Plaintiff and other Class Members did not receive payment of all final wages owed to them upon discharge or resignation, including overtime compensation and minimum wages within any time permissible under California Labor Code section 202.

35.     Throughout the time period involved in this case, Defendants acted in manner that would allow Defendants to refuse to pay Plaintiff and the Class all wages within any time permissible under California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them during their employment. Plaintiff and other Class Members did not receive payment of all wages, including overtime compensation, minimum wages, and meal and rest period premiums.

36.     Throughout the time period involved in this case, Defendants acted in manner that would allow Defendants to refuse to provide complete or accurate wage statements to Plaintiff and the Class. Defendants knew or should have known that Plaintiff and the Class were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked, the actual gross wages earned, and the correct rates of pay.

37.     Throughout the time period involved in this case, Defendants acted in manner that would allow Defendants to refuse to keep complete or accurate payroll records for Plaintiff and the Class. Defendants knew or should have known that Defendants were required keep complete and accurate payroll records for Plaintiff and the Class in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

38.     Throughout the time period involved in this case, Defendants regularly failed to maintain accurate records relating to Plaintiff's and the Class' work periods, meal periods, total daily hours, hours per pay period, and applicable pay rates.

39.     Throughout the time period involved in this Case, Defendants failed to reimburse Plaintiff and the Class for all necessary business-related expenses. Defendants knew or should have known that Defendants were required to reimburse Plaintiff and the Class for all necessary

1 | business-related expenses and costs, but, in fact, failed to do so in violation of California law.

2 | 40.     Throughout the time period involved in this case, Defendants knew or should have

3 | known that they had a duty to compensate Plaintiff and the Class pursuant to California law.

4 | Defendants had the financial ability to pay such compensation, but willfully, knowingly, and

5 | intentionally failed to do so, and falsely represented to Plaintiff and the Class that they paid all

6 | wages owed to them, all in order to increase Defendants' profits.

7 | 41.     California Labor Code section 218 states that nothing in Article 1 of the Labor

8 | Code shall limit the right of any wage claimant to "sue directly ... for any wages or penalty due

9 | to him [or her] under this article."

10 | **FIRST CAUSE OF ACTION**

11 | **(Violation of California Labor Code §§ 510 and 1198)**

12 | **(Against All Defendants)**

13 | 42.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

14 | every allegation set forth above.

15 | 43.     California Labor Code section 1198 and the applicable Industrial Welfare

16 | Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

17 | compensating them at a rate of pay either time-and-one-half or two-times that person's regular

18 | rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

19 | 44.     Specifically, the applicable IWC Wage Order provides that Defendants are and

20 | were required to pay Plaintiff and the other Class Members employed by Defendants, and working

21 | more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of

22 | time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty

23 | (40) hours in a workweek.

24 | 45.     The applicable IWC Wage Order further provides that Defendants are and were

25 | required to pay Plaintiff and the Class overtime compensation at a rate of two times their regular

26 | rate of pay for all hours worked in excess of twelve (12) hours in a day and for all hours worked

27 | in excess of eight (8) hours on the seventh day of work in a workweek.

28 |

46.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and no overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47.     During the relevant time period, Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

48.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other Class Members.

49.     Defendants' failure to pay Plaintiff and the other Class Members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

50.     Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against All Defendants)

51.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

52.     At all relevant times, the relevant IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other Class Members' employment by Defendants.

53.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

54.     At all relevant times, the applicable IWC Wage Order and California Labor Code

section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

55.      At all relevant times, California Labor Code section 512(a) further provides that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.      During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

57.      During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time in excess of ten (10) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

58.      During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other Class Members to miss their meal periods and to take meal periods that were late, shortened, or interrupted, and failed to compensate Plaintiff and the other Class Members the full meal period premium for missed, shortened, late, or interrupted meal periods.

59.      During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members the full meal period premiums due pursuant to California Labor Code section 226.7.

60.      Defendants' conduct violates the applicable IWC Wage Order and California

1  Labor Code sections 226.7 and 512(a).

2       61.     Pursuant to the applicable IWC Wage Order and California Labor Code section

3  226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one

4  additional hour of pay at the employee's regular rate of compensation for each work day that the

5  meal period was not provided.

6                            **THIRD CAUSE OF ACTION**

7                    **(Violation of California Labor Code § 226.7)**

8                            **(Against All Defendants)**

9       62.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

10  every allegation set forth above.

11      63.     At all times herein set forth, the applicable IWC Wage Order and California Labor

12  Code section 226.7 were applicable to Plaintiff and the other Class Members' employment by

13  Defendants.

14      64.     At all relevant times, California Labor Code section 226.7 provides that no

15  employer shall require an employee to work during any rest period mandated by an applicable

16  order of the California IWC.

17      65.     At all relevant times, the applicable IWC Wage Order provides that "[e]very

18  employer shall authorize and permit all employees to take rest periods, which insofar as

19  practicable shall be in the middle of each work period" and that the "rest period time shall be

20  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

21  hours or major fraction thereof unless the total daily work time is less than three and one-half

22  (3.5) hours."

23      66.     During the relevant time period, Defendants required Plaintiff and other Class

24  Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest

25  period per each four (4) hour period worked.

26      67.     During the relevant time period, Defendants willfully required Plaintiff and the

27  other Class Members to work during rest periods, failed to allow Plaintiff and the other Class

28

1  Member to take any rest period and/or failed to authorize and permit Plaintiff and the other Class

2  Members to take uninterrupted, duty-free rest breaks.

3        68.    During the relevant time period, Defendants failed to pay Plaintiff and the other

4  Class Members the full rest period premium due pursuant to California Labor Code section 226.7

5  for work performed during rest periods, and/or for failure to authorize and permit Plaintiff and

6  other Class Members from taking uninterrupted rest periods.

7        69.    Defendants' conduct violates applicable IWC Wage Orders and California Labor

8  Code section 226.7.

9        70.    Pursuant to the applicable IWC Wage Orders and California Labor Code section

10  226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one

11  additional hour of pay at the employees' regular hourly rate of compensation for each work day

12  that the rest period was not provided.

13  **FOURTH CAUSE OF ACTION**

14  **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

15  **(Against All Defendants)**

16        71.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

17  every allegation set forth above.

18        72.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1

19  provide that the minimum wage to be paid to employees and the payment of a lesser wage than

20  the minimum so fixed is unlawful.

21        73.    During the relevant time period, Defendants regularly failed to pay minimum wage

22  to Plaintiff and the other Class Members as required pursuant to California Labor Code sections

23  1194, 1197, and 1197.1.

24        74.    Defendants' failure to pay Plaintiff and the other Class Members the minimum

25  wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to

26  those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance

27  of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated

28

1    damages in an amount equal to the wages unlawfully unpaid and interest thereon.

2        75.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class

3    Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully

4    unpaid and interest thereon.

5                            **FIFTH CAUSE OF ACTION**

6                    **(Violation of California Labor Code §§ 201, 202, 203)**

7                            **(Against All Defendants)**

8        76.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

9    every allegation set forth above.

10       77.    At all relevant times herein set forth, California Labor Code sections 201 and 202

11   provide that if an employer discharges an employee, the wages earned and unpaid at the time of

12   discharge are due and payable immediately, and if an employee quits his or her employment, his

13   or her wages shall become due and payable not later seventy-two (72) hours thereafter, unless the

14   employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case

15   the employee is entitled to his or her wages at the time of quitting.

16       78.    During the relevant time period, the employment of Plaintiff and many other Class

17   Members with Defendants ended, *i.e.* was terminated by quitting or discharge. Defendants

18   intentionally and willfully failed to pay Plaintiff and other Class Members who are no longer

19   employed by Defendants all of their wages, earned and unpaid, including but not limited to

20   minimum wages, straight time wages, overtime wages, within seventy-two (72) hours of their

21   leaving Defendants' employ.

22       79.    Defendants' failure to pay Plaintiff and other Class Members who are no longer

23   employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their

24   leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

25       80.    California Labor Code section 203 provides that if an employer willfully fails to

26   pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

27   continue as a penalty from the due date thereof at the same rate until paid or until an action is

28

1 | commenced; but the wages shall not continue for more than thirty (30) days.

2 | 81.     Plaintiff and other Class Members who are no longer employed by Defendants are

3 | entitled to recover from Defendants the statutory penalty wages for each day they were not paid,

4 | up to a thirty (30) day maximum pursuant to California Labor Code section 203.

5 | **SIXTH CAUSE OF ACTION**

6 | **(Violation of California Labor Code §§ 204 and 210)**

7 | **(Against All Defendants)**

8 | 82.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

9 | every allegation set forth above

10 | 83.     At all times herein set forth, California Labor Code section 204 provides that all

11 | wages earned by any person in any employment between the 1st and 15th days, inclusive, of any

12 | calendar month, other than those wages due upon termination of an employee, are due and payable

13 | between the 16th and 26th day of the month during which the labor was performed.

14 | 84.     At all times herein set forth, California Labor Code section 204 provides that all

15 | wages earned by any person in any employment between the 16th and the last day, inclusive, of

16 | any calendar month, other than those wages due upon termination of an employee, are due and

17 | payable between the 1st and the 10th day of the following month.

18 | 85.     At all times herein set forth, California Labor Code section 204 provides that all

19 | wages earned for labor in excess of the normal work period shall be paid no later than the payday

20 | for the next regular payroll period.

21 | 86.     During the relevant time period, Defendants intentionally and willfully failed to

22 | pay Plaintiff and other Class Members all wages due to them, within any time period permissible

23 | under California Labor Code section 204.

24 | 87.     Plaintiff and other Class Members are entitled to recover all available remedies for

25 | Defendant's violations of California Labor Code section 204, including statutory penalties

26 | pursuant to Labor Code section 210(b).

27 | / / /

28 |

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against All Defendants)

88.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

89.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

90.     Defendants have intentionally and willfully failed to provide Plaintiff and the Class with complete and accurate wage statements. The deficiencies include, but are not limited to the failure list the total number of hours worked, the actual gross wages earned, and the correct rates of pay.

91.     Because of Defendants' violation of California Labor Code section 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

92.     More specifically, Plaintiff and the Class have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and

1 | itemized wage statements pursuant to California Labor Code section 226(a).

2 |      93.    Plaintiff and the Class are entitled to recover from Defendants the greater of their

3 | actual damages caused by Defendants' failure to comply with California Labor Code section

4 | 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

5 |      94.    Plaintiff and the Class are also entitled to injunctive relief to ensure compliance

6 | with this section, pursuant to California Labor Code section 226(g).

7 | **EIGHTH CAUSE OF ACTION**

8 | **(Violation of California Labor Code §§ 2800 and 2802)**

9 | **(Against All Defendants)**

10 |      95.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

11 | every allegation set forth above.

12 |      96.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

13 | reimburse its employee for all necessary expenditures incurred by the employee in direct

14 | consequence of the discharge of his or her job duties or in direct consequence of his or her job

15 | duties or in direct consequence of his or her obedience to the directions of the employer.

16 |      97.    Plaintiff and the Class incurred necessary business-related expenses and costs that

17 | were not fully reimbursed by Defendants. Defendants' failure to reimburse for all necessary

18 | business-related expenses and costs included their failure to reimburse Plaintiff and the Class for

19 | costs incurred as a result of, including but not limited to, simple negligence.

20 |      98.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

21 | Class for all necessary business-related expenses and costs. Plaintiff and the Class are entitled to

22 | recover from Defendants their business-related expenses and costs incurred during the course and

23 | scope of their employment, plus interest accrued from the date on which the employee incurred

24 | the necessary expenditures at the same rate as judgments in civil actions in the State of California.

25 | ///

26 | ///

27 | ///

28 |

## NINTH CAUSE OF ACTION

### (Violation of Cal. Business & Professions Code §§ 17200, et seq.)

### (Against All Defendants)

99.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

100.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the Class, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

101.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

102.     A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the Class, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the Class, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the Class violate California Labor Code sections 201, 202, 203 and 204.

103.     Defendants also violated California Labor Code sections 221, 226(a), 1194, 1197, 1197.1, 510, 1174(d), 2800, and 2802.

104.     As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

105.     Plaintiff and the Class have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of

1  money and/or property.

2       106.     Pursuant to California Business & Professions Code sections 17200, *et seq.*,

3  Plaintiff and the Class are entitled to restitution of the wages withheld and retained by Defendants

4  during a period that commences four years prior to the filing of this Complaint; an award of

5  attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable

6  laws; and an award of costs.

7  **PRAYER FOR RELIEF**

8       WHEREFORE, Plaintiff, individually and on behalf of all other members of the general

9  public similarly situated, prays for relief and judgment against Defendants, jointly and severally,

10  as follows:

11  **Class Certification**

12      1.     That this action be certified as a class action;

13      2.     That Plaintiff be appointed as the representative of the Class;

14      3.     That counsel for Plaintiff be appointed as Class Counsel; and

15      4.     That Defendants provide to Class Counsel immediately the names and most

16  current/last known contact information (address, e-mail and telephone numbers) of all class

17  members.

18  **As to the First Cause of Action**

19      5.     That the Court declare, adjudge and decree that Defendants violated California

20  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

21  all overtime wages due to Plaintiff and other Class Members;

22      6.     For general unpaid wages at overtime wage rates and such general and special

23  damages as may be appropriate;

24      7.     For pre-judgment interest on any unpaid overtime compensation commencing

25  from the date such amounts were due;

26      8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

27  California Labor Code section 1194; and

28

1    9.    For such other and further relief as the Court may deem just and proper.

2    **As to the Second Cause of Action**

3    10.    That the Court declare, adjudge and decree that Defendants violated California
4    Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to
5    provide all meal periods (including second meal periods) to Plaintiff and the Class;

6    11.    That the Court make an award to Plaintiff and the Class of one (1) hour of pay at
7    each employee's regular rate of compensation for each workday that a meal period was not
8    provided;

9    12.    For all actual, consequential, and incidental losses and damages, according to
10   proof;

11   13.    For premium wages pursuant to California Labor Code section 226.7;

12   14.    For pre-judgment interest on any unpaid wages from the date such amounts were
13   due;

14   15.    For reasonable attorneys' fees and costs of suit incurred herein; and

15   16.    For such other and further relief as the Court may deem just and proper.

16   **As to the Third Cause of Action**

17   17.    That the Court declare, adjudge and decree that Defendants violated California
18   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest
19   periods to Plaintiff and the Class;

20   18.    That the Court make an award to Plaintiff and the Class of one (1) hour of pay at
21   each employee's regular rate of compensation for each workday that a rest period was not
22   provided;

23   19.    For all actual, consequential, and incidental losses and damages, according to
24   proof;

25   20.    For premium wages pursuant to California Labor Code section 226.7;

26   21.    For pre-judgment interest on any unpaid wages from the date such amounts were
27   due; and

28

1   22.   For such other and further relief as the Court may deem just and proper.

2   **As to the Fourth Cause of Action**

3   23.   That the Court declare, adjudge and decree that Defendants violated California

4   Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

5   Plaintiff and the Class;

6   24.   For general unpaid wages and such general and special damages as may be

7   appropriate;

8   25.   For statutory wage penalties pursuant to California Labor Code section 1197.1 for

9   Plaintiff and the Class in the amount as may be established according to proof at trial;

10   26.   For pre-judgment interest on any unpaid compensation from the date such amounts

11   were due;

12   27.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to

13   California Labor Code section 1194(a);

14   28.   For liquidated damages pursuant to California Labor Code section 1194.2; and

15   29.   For such other and further relief as the Court may deem just and proper.

16   **As to the Fifth Cause of Action**

17   30.   That the Court declare, adjudge and decree that Defendants violated California

18   Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

19   time of termination of the employment of Plaintiff and other Class Members no longer employed

20   by Defendants;

21   31.   For all actual, consequential, and incidental losses and damages, according to

22   proof;

23   32.   For statutory wage penalties pursuant to California Labor Code section 203 for

24   Plaintiff and other Class Members who have left Defendants' employ;

25   33.   For pre-judgment interest on any unpaid compensation from the date such amounts

26   were due; and

27   34.   For such other and further relief as the Court may deem just and proper.

28

1

**As to the Sixth Cause of Action**

2      35.      That the Court declare, adjudge and decree that Defendants violated California

3   Labor Code section 204 by willfully failing to pay all compensation owed at the time required by

4   California Labor Code section 204 to Plaintiff and the Class;

5      36.      For statutory penalties pursuant to California Labor Code section 210; and

6      37.      For such other and further relief as the Court deems just and proper.

7

**As to the Seventh Cause of Action**

8      38.      That the Court declare, adjudge and decree that Defendants violated the record

9   keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as

10   to Plaintiff and the Class, and willfully failed to provide accurate itemized wage statements

11   thereto;

12      39.      For actual, consequential and incidental losses and damages, according to proof;

13      40.      For statutory penalties pursuant to California Labor Code section 226(e); and

14      41.      For such other and further relief as the Court may deem just and proper.

15

**As to the Eight Cause of Action**

16      42.      That the Court declare, adjudge and decree that Defendants violated California

17   Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the Class for

18   all necessary business-related expenses as required by California Labor Code sections 2800 and

19   2802;

20      43.      For actual, consequential and incidental losses and damages, according to proof;

21      44.      For the imposition of civil penalties and/or statutory penalties;

22      45.      For reasonable attorneys' fees and costs of suit incurred herein; and

23      46.      For such other and further relief as the Court may deem just and proper.

24

**As to the Ninth Cause of Action**

25      47.      That the Court declare, adjudge and decree that Defendants violated California

26   Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the Class

27   all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff

28

1    and the Class, failing to pay at least minimum wages to Plaintiff and the Class, failing to pay

2    Plaintiff's and other Class Members' wages timely as required by California Labor Code section

3    201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800, and

4    2802;

5         48.     For restitution of unpaid wages to Plaintiff and the Class and all pre-judgment

6    interest from the day such amounts were due and payable;

7         49.     For the appointment of a receiver to receive, manage and distribute any and all

8    funds disgorged from Defendants and determined to have been wrongfully acquired by

9    Defendants as a result of violation of California Business and Professions Code sections 17200,

10   *et seq.*;

11        50.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

12   California Code of Civil Procedure section 1021.5;

13        51.     For injunctive relief to ensure compliance with this section, pursuant to California

14   Business and Professions Code sections 17200, *et seq.*; and

15        52.     For such other and further relief as the Court may deem just and proper.

16

17   Dated: October 4, 2021                    **PROTECTION LAW GROUP, LLP**

18

19                                             By: _____

20                                                 Heather Davis
                                                   Amir Nayebdadash
21                                                 Priscilla Gamino
                                                   *Attorneys for* Plaintiff
22                                                 DENISE LOPEZ

23

24

25

26

27

28

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all causes of action triable by a jury.

Dated: October 4, 2021                    PROTECTION LAW GROUP, LLP

                                 By: _____
                                     Heather Davis
                                     Amir Nayebdadash
                                     Priscilla Gamino
                                     *Attorneys for* Plaintiff
                                     DENISE LOPEZ

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**PROTECTION LAW GROUP, LLP.**
Amir Nayebdadash (SBN 232204), Heather Davis (SBN 239372)
237 California Street
El Segundo, California 90245
TELEPHONE NO.: (424) 290-3095    FAX NO.: (866) 264-7880
ATTORNEY FOR *(Name):* Plaintiff, Denise Lopez

**FILED**
**AMADOR SUPERIOR COURT**

OCT − 5 2021

Clerk of the Superior Court

By: __K. WRIGHT__

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **AMADOR**
STREET ADDRESS: 500 Argonaut Lane
MAILING ADDRESS: 500 Argonaut Lane
CITY AND ZIP CODE: Jackson, 95642
BRANCH NAME: Amador Superior Court

CASE NAME:
**Denise Lopez v. Bio-Reference Laboratories, Inc., et al.**

CASE NUMBER: **21-CV-12353**
JUDGE: **J.S. HERMANSON**
DEPT:

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2021

Amir Nayebdadash, Esq.
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| AMADOR SUPERIOR COURT<br>500 ARGONAUT LANE<br>JACKSON, CA  95642<br>(209)257-2600<br>www.amadorcourt.org | FOR COURT USE ONLY<br><br># FILED<br>AMADOR SUPERIOR COURT<br><br>OCT - 5 2021<br><br>Clerk of the Superior Court<br><br>By: ~~K. WRIGHT~~ |
|---|---|
| PLAINTIFF: DENISE LOPEZ<br><br>vs<br><br>DEFENDANT: BIO REFERENCE LABORATORIES INC A NEW JERSEY CORPOR | |
| **NOTICE OF ASSIGNMENT, NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM AND NOTICE OF CASE MANAGEMENT CONFERENCE**<br>AMADOR RULE OF COURT 8.01 ET SEQ., and CRC 3.720 ET SEQ | HEARING DATE: 04/13/2022<br>Case Type:<br>OTHER EMPLOYMENT |
| | CASE NUMBER:<br>21-CVC-12353 |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been assigned for all purposes to the Honorable **J.S. HERMANSON** pursuant to CRC 3.734.

The above case is included in the Delay Reduction Program of the County of Amador.  The local rules of the Superior Court of California, County of Amador, will hereby apply to this action.  You are required to comply with the guidelines as set forth in the above-referenced rules.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been scheduled, per rule 8.05, for **Wednesday, April 13, 2022** at **1:30 pm** in the Amador County Superior Court, **DEPT 3.**

A Case Management Statement shall be filed with the court no later than 15 days before the case management conference.  All parties shall exchange their completed statements at least 15 days prior to the case management conference.  *Pursuant to Amador Rule 8.05(E) the Court issues tentative rulings prior to Civil Case Management Conferences.*

Dated: October 5, 2021

DAWN HARMON, CLERK

BY: ___K. WRIGHT___, DEPUTY